(C. D. 272)

ALEX SCHECHTER CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 27, 1939)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the petitioner.
*Webster J. Oliver*, Assistant Attorney General (*Frank E. Carstarphen*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This petition was filed under section 489 of the Tariff Act of 1930 for remission of additional duties imposed by the

collector of customs at the port of New York on certain rabbit skins which were entered at less than the final appraised value thereof.

At the hearing held before the second division of this court on October 19, 1939, Alex Schechter, president of the petitioning corporation, testified that at the time of making entry herein he submitted all the information and papers in his possession pertaining to the purchase of the merchandise to the appraiser at the port of New York; that at that time he believed his overhead expenses amounted to 8 per centum or over; that in causing the entry to be made on this basis he had no intention to mislead or deceive the appraiser or to defraud the revenues of the United States.

It appears from the papers in this case that there was no dispute between the Government and the importer as to the *per se* value of the merchandise, and both parties conceded that the proper basis for determining the dutiable value of the goods was the United States value thereof as defined in section 402 (e) of the Tariff Act of 1930.

The appraiser, however, contended that the goods were consigned, and therefore allowed no deduction; whereas the importer contended that the merchandise was purchased and that he was entitled to deduct 8 per centum for profit and 8 per centum for general expenses.

It appears from the records of this court that an appeal to reappraisement was filed by the petitioner, and that McClelland, Presiding Judge, on November 18, 1935, in Reap. Dec. 3736, held that the merchandise consisted of purchased goods, and that the deductions for overhead and profit were allowable. However, at the trial the importer was only able to prove 4.30 per centum for overhead or general expenses, although he proved a profit of 20 per centum. On October 27, 1936, this decision of the single judge was affirmed by the third division of this court in Reap. Dec. 3960. An appeal was then taken by the Government to the United States Court of Customs and Patent Appeals, which tribunal affirmed the decision of the third division in *United States* v. *Alex Schechter Corp.*, 25 C. C. P. A. 107, T. D. 49240. On liquidation the additional duty under section 489 was imposed on the difference between the general expenses deducted on entry and the 4.30 per centum for general expenses proved at the trial.

This division of the court has frequently held that an importer has a right to have an honest difference of opinion as to the value of his merchandise with the appraiser, and that where in support of his opinion he goes to the expense of instituting legal proceedings, it is at least some evidence of good faith on his part. This is particularly true in the instant case where the single judge, the third division of this court, and the United States Court of Customs and Patent Appeals decided most of the issues in favor of the petitioner, the only point on which the decision of the court was adverse was in the estima-

tion of the general expenses, which the petitioner at the time of making entry honestly believed was over 8 per centum.

We are satisfied that the petitioner herein acted in good faith and that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted.