BEFORE THE SECOND DIVISION, MAY 21, 1942

No. 47212.—Petition 6160–R of Majestic Siphon Supply Co. (New Orleans).

Opinion by KINCHELOE, J. It appeared from the testimony in this case that other machines similar to this had been imported previously and that there was no question as to the dutiable value. In this particular instance before entry was made the witness took the invoice to the customs examiner and asked whether he had any information as to the dutiable value but found he had none. About a month later the customs examiner asked if the machine was equipped with a sprocket drive, and, after investigation, it was found that it was so equipped. Later a notice of advance in value was received and the witness was informed that the price had advanced. An appeal to reappraisement was taken and after an investigation the appeal was settled by stipulation which included the value of the sprocket. On the record presented the court was of the opinion that there was no intention to defraud the revenue of the United States or to deceive the appraiser as to the true value of the merchandise. The petition was therefore granted.

BEFORE THE THIRD DIVISION, MAY 21, 1942

No. 47213.—Petition 6194–R of Yardley & Co., Ltd. (New York).

Opinion by CLINE, J. From the testimony it was found that the customs broker who testified in this case consulted with the customs examiner before entering the merchandise and submitted to the appraiser the information sheet which is attached to the papers in the case. It appeared that the appraiser took the position that the merchandise should be entered on the basis of decisions wherein the shipper was considered as a manufacturer of the goods and appraisement made on the basis of cost of production. (*United States* v. *Guerlain, Inc.*, 28 C. C. P. A. 200, C. A. D. 146.) The witness did not agree with this contention, and when the goods were advanced he authorized an appeal to reappraisement. He went abroad to secure information but it was impossible to find the cost of producing the bottle caps, so the issue was abandoned as to the bottle caps and the case was limited to the issue on the value of the bottles. He also stated that he gave all the evidence to the customs examiner and did not withhold any information concerning the shipments. On the record presented and following Abstracts 42630, 42631 and *Alex Schechter Corp.* v. *United States* (4 Cust. Ct. 17, C. D. 272) it was held that the entry was made in good faith. The petition was therefore granted.